# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| VINCENT PRICE and DENISE PRICE, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:15-CV-331-PRC |
| | ) | |
| JOSEPH KRAUS, individually and in his official capacity as Deputy Sheriff; CHRISTOPHER KOSTOFF, individually and in his official capacity as Deputy Sheriff; LAKE COUNTY SHERIFF'S DEPARTMENT; and LAKE COUNTY, INDIANA, | ) ) ) ) ) ) ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Lake County Sheriff's Department Motion [sic] to Bifurcate § 1983 *Monell* Claims and Stay Discovery and Trial on Those Claims [DE 23], filed by Defendant Lake County Sheriff's Department ("Sheriff's Department") on December 30, 2015.

As an initial matter, Plaintiffs filed their response late. Northern District of Indiana Local Rule 7-1(d)(2)(A) provides that a party must file a response brief within fourteen days, which was January 13, 2016, in this case. Federal Rule of Civil Procedure 6(d) allows an additional three days following electronic service, which made the deadline January 16, 2016, a Saturday. Federal Rule of Civil Procedure 6(a)(1) provides that weekends and federal holidays are excluded from the calculation of the last day of a time period. Under Federal Rule of Civil Procedure 6(a)(6), the day observing Martin Luther King, Jr.'s birthday is a federal holiday, and Monday, January 18, 2016, was the observation of his birthday. Therefore, the response brief was due the following day, January 19, 2016. Nevertheless, Plaintiffs did not file their response brief until January 22, 2016. Plaintiffs did not file a motion for an extension of time with a showing of good cause before the

deadline expired, nor did Plaintiffs file a motion after the deadline expired showing good cause and excusable neglect. *See* Fed. R. Civ. P. 6(b). However, because the Court prefers to rule on the merits and because this is a first offense in this case, the Court will not strike the response brief. Nevertheless, Plaintiffs are advised that any future failure to comply with the filing deadline requirements may result in the Court striking the filing.

In their Complaint, Plaintiffs seek to hold the individual officer Defendants liable for excessive force, denial of medical care, and deprivation of speech and expression in violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983 as well as state law tort claims of battery, intentional infliction of emotional distress, negligence, and false imprisonment/false arrest in relation to Plaintiffs' arrest on July 3, 2014. Plaintiffs also seek to hold the Sheriff's Department liable under § 1983 pursuant to *Monell v. New York Department of Social Services*, 436 U.S. 658 (1978), alleging that customs, policies, and practices of the Sheriff's Department caused Plaintiffs' alleged constitutional violations. In the Complaint, Plaintiffs allege that the Sheriff's Department had a policy, practice, or custom of directly encouraging the alleged constitutional violations by consciously disregarding the illegality and unconstitutionality of illegal detentions and arrests, use of force, and retaliation in order to punish peaceful expression of speech; a policy and/or custom of inadequately and improperly investigating citizen complaints of police misconduct; and a policy and/or custom of inadequately training, supervising, and disciplining its police officers.

In the instant motion, the Sheriff's Department seeks to bifurcate Plaintiffs' *Monell* claims against it and to stay discovery and trial on the *Monell* claims pending resolution of Plaintiffs' federal § 1983 claims and state law claims against the individual officer Defendants. Rule 42(b)

provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). Bifurcation of claims may be appropriate if "the separation would prevent prejudice to a party or promote judicial economy." *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007) (citation omitted). "If one of these criteria is met, the district court may order bifurcation as long as doing so will not prejudice the non-moving party or violate the Seventh Amendment." *Id.* Defendants argue that bifurcation will convenience all the parties, avoid prejudice, expedite the matter, and economize resources for the Court and parties during the discovery process and trial.

First, the *Monell* claims brought by Plaintiffs against the Sheriff's Department are based on allegations of false arrest, excessive force, and denial of medical care. These claims are well suited for bifurcation because, unless one of the Plaintiffs proves that an officer violated his or her constitutional rights, the *Monell* claims against the municipality will fail as a matter of law and the litigation will be over without the need for discovery or trial on the *Monell* claims. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *see also Swanigan v. City of Chicago*, 775 F.3d 953, 962 (7th Cir. 2015). Additionally, there can be no liability under *Monell* for failure to train when there has been no violation of a plaintiff's constitutional rights. *Jenkins v. Bartlett,* 487 F.3d 482, 492 (7th Cir. 2007).[1] Thus, it is more efficient and convenient to first determine whether the

---

[1] Although there can be no *Monell* liability without proof of a violation of constitutional rights, the Seventh Circuit Court of Appeals has noted that it is possible that "'a municipality can be held liable under *Monell*, even when its officers are not, unless such a finding would create an *inconsistent* verdict.'" *Saunders v. City of Chicago*, No. 12-CV-9158, 2015 WL 7251938, at *9 (N.D. Ill. Nov. 17, 2015) (quoting *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 305 (7th Cir. 2010)). In *Saunders*, the court noted that, "[p]resumably such a situation could arise . . . should Plaintiffs be unable to recover from the Defendant Officers because of their qualified immunity, but Plaintiffs could still recover from the municipality, which lacks such a protection." 2015 WL 7251938, at *9. Like the court in *Saunders*, the Court finds that any such concern is premature and can be addressed at the close of the trial on the individual claims, if necessary.

individual officer Defendants violated a Plaintiff's constitutional rights before requiring the Court (and the parties) to expend resources litigating the *Monell* claims against the Sheriff's Department that may never be reached or otherwise adjudicated. Bifurcating the *Monell* claims against the Sheriff's Department will avoid prejudice to the Sheriff's Department and avoid spending taxpayer money to unnecessarily defend against the *Monell* claims if Plaintiffs are unable to prove that an underlying constitutional violation occurred.

In addition, the discovery of *Monell* claims "can add significant time, effort, and complications to the discovery process." *Medina v. City of Chicago*, 100 F. Supp. 2d 893, 895 (N.D. Ill. 2000); *see also Readus v. Dercola*, 09 C 4063, 2012 WL 1533167, at *3 (N.D. Ill. May 1, 2012) (quoting *Moore v. City of Chicago*, No. 02 C 5130, 2007 WL 3037121, at *9 (N.D. Ill. Oct.15, 2007)). Defendants argue that litigating Plaintiffs' *Monell* claims will be burdensome and time consuming, involving a significant amount of money that would include locating, compiling, and producing documents, the time required for several depositions in addition to a Rule 30(b)(6) witness deposition, other written discovery, and potential expert witnesses. In their response brief, contesting the burden of *Monell* discovery, Plaintiffs acknowledge only the possibility of document production and do not factor in the numerous other forms of discovery that would likely be involved with their *Monell* claim.

Significantly, in this case, the allegations of the Complaint supporting Plaintiffs' *Monell* claims are general in nature and do not allege any specific facts as to the nature of the policy, procedure, or custom that lead to the alleged constitutional violations. The relevant paragraphs allege that the Sheriff's Department has:

4

> 41. . . . policies, practices, and customs that condoned and fostered the unconstitutional conduct of DEPUTY KRAUS and DEPUTY KOSTOFF . . . .
>
> 42. . . . policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation and/or retaliation of individuals' constitutional rights. [The Sheriff's Department] consciously disregarded the illegality and unconstitutionality of illegal detentions and arrests, use of force, and retaliation in order to punish and suppress peaceful expression and speech.
>
> . . .
>
> 44. . . . a policy and/or custom of . . . inadequately and improperly investigat[ing] citizen complaints of police misconduct, and acts of misconduct were instead tolerated.
>
> 45. . . . a policy and/or custom of . . . inadequately train[ing], supervis[ing], and disciplin[ing] its police officers, including Defendants DEPUTY KRAUS and DEPUTY KOSTOFF, thereby failing to adequately discourage further constitutional violations on the part of its police officers. [The Sheriff's Department] did not require appropriate in-service or re-training of officers who were engaged in police misconduct.

(Compl.).

In contrast, in the case cited by Plaintiffs, *Miller v. City of Plymouth*, No. 2:09-CV-2050, 2010 WL 1754028 (N.D. Ind. Apr. 29, 2010), in which this Court denied a motion to bifurcate, the plaintiffs brought specific failure to train allegations, namely "prohibitive use of setting up drug-interdiction checkpoints, use of canines and conducting canine sniffs, motor vehicle searches, physical search of persons, conducting traffic stops, detention of motorists, use or display of force, and duty of law enforcement officers to intervene to prevent violations of individuals' constitutional rights, as well as Defendant's failure to require law enforcement officers to generate reports detailing incidents of canine sniffs or deployments, vehicle searches, personal searches, or handcuffed detention of motorists." *Id.* at \*3. In addition, unlike the Sheriff's Department in this case, the defendant police department in *Miller* did not specifically articulate how it would incur significant

costs in responding to *Monell* discovery requests.

Plaintiffs' federal right to a jury trial on the *Monell* claims is unaffected by bifurcation and will be preserved, and there is no identified prejudice to Plaintiffs. Rather, Plaintiffs will be able to pursue more efficiently and conveniently the relevant discovery pertaining to the objective reasonableness standard governing the alleged excessive force claims against the individual officer Defendants. In fact, Plaintiffs do not argue that they will be prejudiced by the requested bifurcation.

In contrast, Defendants argue, and Plaintiffs do not respond, that presenting evidence to the jury regarding a countywide policy, practice, or custom involving multiple improper police actions poses a danger of undue prejudice to the individual officer Defendants by creating the perception that the police department routinely acts improperly, even if the officers in fact acted properly in this case. *See Readus*, 2012 WL 1533167, at *4 (citing *Lopez v. City of Chicago*, No. 01 C 1823, 2002 WL 335346, at *2 (N.D. Ill. Mar. 1, 2002) ("Without bifurcation, the jury would likely hear evidence against the City of various acts of alleged police misconduct committed by numerous non-party officers to establish a policy or practice. Such evidence can be prejudicial to the individual defendants.")).

Finally, Defendants argue, also without response from Plaintiffs, that, even if the *Monell* claims survive summary judgment and are proven at a trial, Plaintiffs may not recover duplicate compensatory damages on the *Monell* claims and the non-*Monell* claims. *See Cadiz v. Kruger*, No. 06 C 5463, 2007 WL 4293976, at *8 (N.D. Ill. Nov. 29, 2007); *Elrod v. City of Chicago*, Nos. 06 C 2505, 07 C 203, 2007 WL 3241352, at *3 (N.D. Ill. Nov. 1, 2007). Moreover, the Sheriff's Department is not required to pay punitive damages under any circumstances; therefore, bifurcation would not prejudice Plaintiff's ability to recover punitive damages. *See City of Newport v. Fact*

*Concerts, Inc.*, 453 U.S. 247, 271 (1981).

In their belated reply brief, Plaintiffs argue, without citation to law, that Defendant's motion is premature at this early stage of the litigation and at the same time that Defendant has waived the right to seek bifurcation by having participated in the Rule 16(b) discovery conference. Neither argument is persuasive. This Court has previously found that participation in discovery does not waive a party's right to seek bifurcation. *Miller*, 2010 WL 1754028, at *2. Nor is the motion premature; the discovery process has only just begun, and the benefit of avoiding the costs of *Monell* discovery can only be realized by avoiding the discovery itself. Finally, Plaintiffs argue, again without citation to law, that "Defendant has failed to provide any specific reasons supporting the claim that Plaintiffs' underlying constitutional claims would fail." (Pl. Resp. 3). No standard requires a defendant to disprove a plaintiff's constitutional claim in requesting bifurcation under Rule 42(b).

Based on the foregoing, the Court finds that the interests of justice, convenience, economy, expedience, and the avoidance of prejudice support bifurcation and hereby **GRANTS** Defendant Lake County Sheriff's Department [sic] Motion to Bifurcate § 1983 *Monell* Claims and Stay Discovery and Trial on Those Claims [DE 23]. The Court **ORDERS**, pursuant to Fed. R. Civ. P. 42(b), that the *Monell* claims against the Sheriff's Department are bifurcated from the § 1983 claims and from the state law claims against the individual officer Defendants for both discovery and trial.

The Court **ORDERS** that all discovery on the *Monell* claims against the Sheriff's Department is stayed until resolution of the claims against the individual officer Defendants.

The Court **ORDERS** that there be separate trials, with the § 1983 claims and the state law claims against the individual officer Defendants taking place first. The trial on the *Monell* claims against the Sheriff's Department is stayed until resolution of the claims against the individual officer

Defendants. The Court **ORDERS** that Plaintiff's right to a jury trial on the *Monell* claims is preserved.

SO ORDERED this 1st day of February, 2016.

s/ Paul R. Cherry
MAGISTRATE PAUL R. CHERRY
UNITED STATES DISTRICT COURT
